# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | No. 3:16-cr-00147-7 |
| GEORGE MARSH, ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

George Marsh's Motion for Compassionate Release (Doc. No. 473) asserts that he is vulnerable to COVID-19 because of chronic obstructive pulmonary disorder ("COPD"). (Doc. No. 473 at 4.) He has exhausted available administrative remedies. (Doc. No. 473-2.) His Motion is ripe for consideration on the merits. (Doc. Nos. 489, 493, and 499.)

Mr. Marsh is serving a 106-month sentence after pleading guilty to intent to distribute methamphetamine, and possessing a firearm in furtherance of a drug trafficking offense. (Doc. No. 411.) At the time of sentencing, he had hypertension, (Presentence Investigation Report ("PSR") ¶ 65), which has since resolved and no longer requires medication, (Doc. No. 491 at 16). He also had a history of kidney stones that required hospitalization before sentencing. (PSR ¶ 65.)

As a 35-year smoker, Mr. Marsh was diagnosed in 2018 with COPD, (Doc. No. 491 at 15), which is an inflammatory lung disease often caused by cigarette smoking. Mayo Clinic, COPD, https://www.mayoclinic.org/diseases-conditions/copd/symptoms-causes/syc-20353679 (last visited Nov. 5, 2020). He is prescribed two inhalers for use "as needed" and his COPD is now "clinically stable." (Doc. No. 491 at 15, 21.) Additionally, he is Vitamin D deficient and has gastroesophageal

reflux disease ("GERD") without esophagitis that is treated with omeprazole or ranitidine. (Id. at 15, 21–22.)

The Court may grant compassionate release for "extraordinary and compelling reasons," which include the medical condition of Mr. Marsh if he has a "serious physical or medical condition" that "substantially diminishes" his ability to provide self-care in prison, or for "other" extraordinary and compelling reason. 18 U.S.C. 3582(c)(1)(A); U.S.S.G. § 1B1.13 n.1(A)(ii), n.1(D). A serious physical or medical condition that may be established if the defendant suffers from a chronic medical condition that both increases the risk for serious illness from COVID-19 and the condition is not well-managed in prison. See United States v. DeMille, ___ F. Supp. 3d ___, 2020 WL 2992190, at *4 (D. Or. June 4, 2020); United States v. Duncan, ___ F. Supp. 3d ___, 2020 WL 4669944, at *9 (M.D. Tenn. Aug. 12, 2020) (applying similar analysis under Note 1(d) for "other reasons"). The Centers for Disease Control and Prevention has determined that COPD increases the risk of severe illness from COVID-19. Ctrs. for Disease Control and Prevention, People with Certain Medical Conditions, (updated Nov. 2, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#copd. Symptoms of COPD are breathing difficulty, a cough, and wheezing. Mayo Clinic, COPD, https://www.mayoclinic.org/diseases-conditions/copd/symptoms-causes/syc-20353679 (last visited Nov. 5, 2020).

Mr. Marsh's medical records do not show that he has any of the expected symptoms of COPD. His medical condition has improved to the point that his COPD is controlled and he uses inhalers when needed. On August 9, 2019, he had "no discomfort, no cough or [shortness of breath]," and he was taking three medications, including his Albuterol inhaler twice daily. (Doc. No. 491 at 8.) On December 12, 2019, his condition was improving such that there was "no need" for the third medication, although he stayed on two inhalers. (Id. at 5.) On April 17, 2020, he was in "compliance

2

with the treatment [] regimen without any adverse effects" and his "inhalers were mutually stopped." (Id. at 2.) He had no cardiopulmonary or respiratory distress, wheezing, or diminished breath. (Id. at 3.) This progression shows that the BOP is able to provide appropriate medical care and that Mr. Marsh's COPD does not constitute a serious physical or medical condition. See Galyen, 2020 WL 4747727, at *4 (denying compassionate release where defendant was receiving medical treatment for his COPD and "there is no evidence in the record to suggest that the BOP is ill-equipped to handle these types of chronic conditions during the current pandemic"). Finally, the medical records before the Court do not show that his other medical conditions—GERD, a Vitamin D deficiency, and previous kidney stones—come close to serious physical or medical conditions on their own or in combination. See United States v. Ellis, No. 113CR145SEBTAB01, 2020 WL 6063840, at *4 (S.D. Ind. Oct. 14, 2020) (rejecting argument that a Vitamin D deficiency increased defendant's risk of serious illness); United States v. Peterson-Siler, No. 2:15-CR-00118-RAJ, 2020 WL 5106722, at *6 (W.D. Wash. Aug. 31, 2020) (finding that inmate with active case of kidney stones that required surgery could manage his condition in prison by having the surgery); United States v. Alzand, No. 18-CR-20703, 2020 WL 2781824, at *2 (E.D. Mich. May 29, 2020) (denying compassionate release to inmate with, among other conditions, GERD).

Accordingly, the Court finds that Mr. Marsh does not have extraordinary and compelling reasons for his early release and will deny his Motion (Doc. No. 473).

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

3